Henry Briggs, Appellant, v. M. L. Keplinger, Administrator, Appellee.

1. NEGOTIABLE INSTRUMENTS—*when prima facie case established.* Where suit is upon a promissory note and the promissory note is admitted in evidence without objection and the defense to such instrument is a plea of want of consideration, the burden of establishing this plea is upon the party pleading it and the introduction of the note makes a *prima facie* case entitling the plaintiff to recover unless the evidence of the defense sustains the plea of want of consideration.

2. EVIDENCE—*when impeachment proper.* While a party who has called a witness may contradict him by the testimony of other witnesses, an impeachment of the witness so called is improper.

Contested claim in court of probate. Appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1909. Reversed and remanded. Opinion filed December 1, 1910.

TRUMAN L. CROWDER and PEEBLES & PEEBLES, for appellant.

W. H. STEWARD, BELL & BURTON and RINAKER & RINAKER, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Hannah B. Sweet died intestate in Macoupin county, Illinois. Freeman Sweet, her surviving husband, was appointed administrator. Appellant held at the time of her death the following note:

"Portsmouth, Sioto Co. the 16 November, 1873. $5000.00—

One day after my death, I promise to pay to the order of Henry Briggs or his ares the sum of five thousand dollars for value received without interest until due.

No. .... Due after death of Hannah Briggs."

Appellant filed a claim against her estate upon this note. Appellee filed an affidavit denying the execution of the note by his intestate. Upon the hearing appellee placed appellant upon the witness stand and used him as a witness. In his examination appellee undertook to ascertain the consideration for the note and appellant testified as such witness regarding the consideration. Upon the hearing the judgment was rendered upon the note against the estate, an appeal was taken to the circuit court, and a trial *de novo* was had.

Before the hearing appellee withdrew the affidavit denying the execution of the note and admitted that the signature to the note was the genuine signature of his intestate; the note was offered in evidence by appellant.

The testimony of appellant, upon the hearing in the County Court, was taken in shorthand and transcribed. On the hearing in the circuit court the defense was that there was no consideration for the execution of the note. Appellee was permitted to introduce in evidence the transcript of the testimony given in the county court by appellant. Appellee was then permitted to show by other witnesses that appellant had at various times stated the consideration for the note was different from the consideration shown in the transcript of his testimony in the county court. This evidence was admitted by the trial court over the objection of appellant.

Appellant offered numerous propositions of law which were refused by the court and the finding of the trial court was in favor of appellee and judg-

ment rendered against appellant for costs, from which judgment this appeal is prosecuted.

Appellant urges as ground for reversal the refusal of the court to hold certain propositions of law which were submitted and refused. The proposition marked refused, of which the most serious complaint is made is as follows:

"The court holds it to be the law of this case, that the production of the note offered in evidence, coupled with the stipulation or agreement of the parties is evidence that the said note bears the signature of Hannah Briggs, who was Hannah Sweet at the time of her death, makes a *prima facie* case for the claimant in this proceeding, and that the burden is upon the administrator to establish the plea of want of consideration for the execution of such instrument, by the greater weight of the evidence introduced upon the trial."

The rule is so well settled in this state that where suit is upon a promissory note and the promissory note is admitted in evidence without objection and the defense to such instrument is a plea of want of consideration the burden of establishing this plea is upon the party pleading it and that the introduction of the note makes a *prima facie* case, entitling the plaintiff to recover unless the evidence of the defense sustains his plea of a want of consideration.

It was error to refuse to hold this as a proposition of law. The transcript of the testimony of appellant in the County Court was improperly admitted. Appellant had offered no evidence in the Circuit Court except the note in question. The transcript did not contradict or dispute any evidence introduced by appellant and objection to it when offered should have been sustained.

Upon the other proposition raised by appellant that appellee having offered in evidence upon the hearing the testimony given by appellant as the witness for appellee upon the hearing in the County Court, thereby vouched for the truthfulness of the witness so placed

upon the stand and cannot thereafter impeach such witness. Upon this question the Supreme Court in the case of the American Hoist and Derrick Co. v. Hall, 208 Ill. 597, holds as follows: "Appellant voluntarily put appellee upon the witness stand and made him his own witness, thereby vouching for his credibility, and while it is true it is not bound by its conclusions and might contradict him by other witnesses, yet it could not impeach him." The same doctrine is held in B. & O. S. W. R. R. Co. v. Mullen, 217 Ill. 203; Chicago City Railway Co. v. Gregory, 221 Ill. 591.

Appellee, having offered this transcript of appellant's testimony for the purpose of showing what appellant testified to as being the consideration for this note, thereby made appellant his own witness and while appellee was not bound by the truth of this testimony as to the consideration, and while it would have been proper to have shown by other witnesses, who were familiar or acquainted with the facts concerning the consideration for this note, that the consideration stated by appellant in his testimony was not the true consideration, and to have shown by other witnesses, conversant with the facts, what the real consideration was, if there was any, or to have shown by other witnesses that there was no consideration, it was error to permit appellee for the purpose of impeachment to show that appellant had made other and different statements regarding this consideration at various times out of court. There is no pretense, whatever, that appellee expected, when he put appellant upon the witness stand, that appellant would testify to anything different than he did testify.

There is no contention that appellee was surprised by the testimony of appellant or that he was deceived in him as a witness; and the objection of appellant to the testimony of the witnesses to any statements that he had made at previous times, contradictory to his evidence as given in the County Court, should

have been sustained. While the testimony given by appellant upon the hearing in the County Court and when transcribed would have been proper for the purpose of impeaching appellant upon the trial in the Circuit Court as to anything to which appellant might have taken the stand and testified to in his own behalf in that trial, it was improper to admit this transcript on behalf of appellee upon the trial and then to permit appellee to show for the purpose of impeaching this testimony that appellant had made different and contradictory statements at other times.

For the errors herein indicated the judgment below is reversed and the cause remanded.

*Reversed and remanded.*